# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCISCO VERDIN, Individually and For Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>KEURIG DR PEPPER INC.,<br><br>    Defendant. | **Case No.** _____<br><br>Jury Trial Demanded<br><br>Class Action Pursuant to FED. R. CIV. P. 23 |

## ORIGINAL CLASS ACTION COMPLAINT

### SUMMARY

1.      Francisco Verdin ("Verdin") brings this class action lawsuit to recover unpaid overtime wages and other damages from Defendant Keurig Dr Pepper, Inc. ("KDP") under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.104 *et seq.*, and California wage and hour laws.

2.      Verdin worked for KDP as a Warehouse Supervisor in California and Pennsylvania.

3.      Verdin and the Putative Class Members (as defined below) regularly worked in excess of 40 hours each week.

4.      But these workers never received overtime for hours worked in excess of 40 hours in a single workweek.

5.      Instead of paying overtime as required by the PMWA and California law, KDP misclassified Verdin and the Putative Class Members as exempt and paid them a salary with no overtime compensation.

6.      This class action seeks to recover the unpaid overtime wages and other damages owed to these workers.

**JURISDICTION & VENUE**

7.      This Court has original subject matter jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

8.      Specifically, upon information and belief, the matter in controversy is believed to exceed $5,000,000; at least one member of one of Plaintiff's proposed classes and KDP are citizens of different states; and Plaintiff's proposed classes are believed to exceed 100 members.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because KDP maintains its headquarters in Burlington, Massachusetts, which is in this District.

**PARTIES**

10.      Verdin worked for KDP as a Warehouse Supervisor from approximately March 2020 until mid-April 2022.

11.      Since mid-April 2022, Verdin has worked for KDP as a Forklift Operator.

12.      While employed with KDP as a Warehouse Supervisor, KDP classified Verdin as exempt and paid a salary with no overtime compensation.

13.      But as a Warehouse Supervisor, Verdin was performing non-exempt duties.

14.      Verdin brings this action on behalf of himself and other similarly situated workers who were misclassified as exempt and paid a salary with no overtime compensation.

15.      KDP misclassified each of these workers as exempt and paid them a salary with no overtime in violation of the FLSA.

16.      Verdin seeks class certification of his claims under the PMWA pursuant to FED. R. CIV. P. 23. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All current and former Warehouse Supervisors who were employed by, or working on behalf of, KDP in Pennsylvania who worked in excess of 40 hours in at least one workweek at any time in the past 3 years to the present, and who were paid a salary with no overtime**

**("Pennsylvania Class Members" or Pennsylvania Class").**

17.     Verdin also seeks class certification of his claims under the California Labor Code pursuant to FED. R. CIV. P. 23. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All current and former Warehouse Supervisors employed by, or working on behalf of, KDP in California who worked in excess of 40 hours in at least one workweek at any time in the past 4 years to the present, and who were paid a salary with no overtime ("California Class Members" or California Class").**

18.     The Pennsylvania and California Class Members are referred to collective as the Putative Class Members.

19.     KDP uniformly failed to pay these workers overtime for hours worked in excess of 40 hours in a workweek.

20.     KDP is a Delaware corporation that maintains its headquarters in Burlington, Massachusetts.

21.     KDP may be served with process through its registered agent: **CT Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts 02110**.

## FACTUAL ALLEGATIONS

22.     KDP bills itself as "a leading beverage company in North America … [that] is committed to sourcing, producing, and distributing beverages responsibly" throughout the United States, including in Pennsylvania and California.[1]

23.     To complete its business objectives, KDP hires personnel, including Verdin and the Putative Class Members, to work in its warehouses.

---

[1] https://www.keurigdrpepper.com/en/our-company/overview (last visited February 16, 2023).

24.     KDP uniformly classifies these workers as exempt from overtime and pays them a salary with no overtime compensation.

25.     These employees make up the proposed Putative Classes.

26.     For example, KDP employed Verdin as Warehouse Supervisor from approximately March 2020 until mid-April 2022.

27.     Throughout the relevant period, KDP paid Verdin and the Putative Class Members a salary with no overtime compensation.

28.     For example, while employed by KDP as a Warehouse Supervisor, KDP paid Verdin a salary of $60,000/year with no overtime compensation.

29.     KDP did not pay Verdin or the Putative Class Members additional wages when they worked over 40 hours in a workweek.

30.     But Verdin and the Putative Class Members regularly worked substantial overtime.

31.     For example, Verdin typically worked 12-hour shifts for 5+ days a week.

32.     Thus, Verdin regularly worked approximately 60+ hours each workweek, well over the 40-hour overtime threshold.

33.     Verdin's schedule is typical of that of the Putative Class Members.

34.     KDP misclassified Verdin and the Putative Class Members as exempt from overtime and did not pay these employees one and one-half times their regular rates of pay for hours worked in excess of 40 hours in a workweek.

35.     But Verdin and the Putative Class Members were not employed in any *bona fide* executive, administrative, or professional capacity.

36.     Rather, Verdin and the Putative class Members' primary duties consisted of overseeing and inspecting the warehouse, watching the docks for incoming and outbound products, monitoring delivery trucks, helping load trucks, moving products around the warehouse, and completing daily reports.

37.     Verdin and the Putative Class Members did not have the authority to hire, fire, and/or discipline any of KDP's employees.

38.     Verdin and the Putative Class Members' primarily job duties did not require them to exercise discretion or independent judgment with respect to matters of significance.

39.     Indeed, Verdin and the Putative Class Members' job duties were formulaic and not highly specialized.

40.     Thus, Verdin and the Putative Class Members were non-exempt employees that should have been paid overtime at 1 and ½ times their regular rates of pay for all hours worked over 40 per week.

41.     KDP knew, should have known, Verdin and the Putative Class Members worked significant overtime without being compensated for the same.

42.     KDP knew, should have known, or showed reckless disregard for the fact Verdin and the Putative Class Members were non-exempt employees entitled to overtime pay.

43.     KDP knowingly, willfully, and/or in reckless disregard carried out this illegal misclassification policy that deprived Verdin and the Putative Class Members of overtime compensation in violation of the PMWA and California law.

44.     Nonetheless, KDP failed to pay Verdin and the Putative Class Members overtime.

45.     KDP's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

## CLASS ACTION ALLEGATIONS

46.     Plaintiff brings his causes of action as a class action on behalf of himself and the Putative Class Members pursuant to FED. R. CIV. P 23.

47.     This action may properly be maintained as a class action because there is a well-defined community of interest in the litigation because each of the proposed Putative Classes are easily ascertainable from KDP's records.

48.     <u>Numerosity</u>: KDP's misclassification of employees as exempt from overtime extends beyond Verdin. Indeed, KDP subjected, and continue to subject, hundreds of employees to its exempt misclassification policy that deprives these workers of overtime pay at the proper premium rates for all hours worked in excess of 40 in a single workweek in violation of the PMWA and California law. This volume makes bringing the claims of each individual member of the classes before this Court impracticable. For this same reason, joining each individual Putative Class Member as a plaintiff in this action is impracticable. Furthermore, the identities of the Putative Class Members will be determined from KDP's records, as will the compensation paid to each of them. Thus, the Putative Class Members are so numerous that joinder of all Putative Class Members is impracticable.

49.     <u>Commonality</u>: The questions of law and facts common to Verdin and each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a.      Whether KDP misclassified Verdin and the Pennsylvania Class Members as exempt in violation of the PMWA;

b.      Whether KDP misclassified Verdin and the California Class Members as exempt in violation of California law;

c.      Whether KDP's misclassification practice deprived Verdin and the Putative Class Members of overtime pay at the proper premium rates when they worked in excess of 40 hours in a workweek in violation of the PMWA and California law;

d.      Whether KDP's decision to classify Verdin and the Putative Class Members as exempt from overtime was made in good faith;

e.      Whether KDP's decision to not pay Verdin and the Putative Class Members overtime was made in good faith;

f.      Whether KDP's illegal misclassification policies were applied uniformly to all Putative Class Members; and

g.      Whether KDP's violations of the PMWA and California law were willful.

50.     <u>Typicality</u>: Verdin's claims are typical of the Putative Class Members since they have all sustained damages arising out of KDP's illegal and uniform misclassification policies and practices that deprived these employees of overtime. Indeed, KDP's common course of conduct in violation of the PMWA and California law caused Verdin and the Putative Class Members to sustain the same or similar injuries and damages.

51.     <u>Adequacy of Representation</u>: Verdin knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action. Indeed, Verdin has no interest contrary to, or in conflict with, the Putative Class Members that would prevent class treatment. Like each Putative Class Member, Verdin has an interest in obtaining the unpaid wages and overtime owed under federal and state law. Further, Verdin's Counsel is competent and experienced in litigating complex wage and hour class actions, such as this. Thus, Verdin and his Counsel will fairly and adequately represent and protect the Putative Class Members' interests.

52.     <u>Superiority of Class Action</u>: Absent this class action, many Putative Class Members will likely not obtain redress of their injuries, and KDP will retain the proceeds of their violations of the the PMWA and California law. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency. As such, a class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit, and requiring individual actions would only prejudice the Putative Class Members and KDP.

### FIRST CAUSE OF ACTION
### PMWA VIOLATIONS
### (PENNSYLVANIA CLASS ONLY)

53.     Verdin realleges and incorporates all preceding allegations.

54.     Verdin brings his claims under the PMWA as a Rule 23 class action.

55.     The conduct alleged in this Complaint violates the PMWA.

56.     At all relevant times, KDP was subject to the requirements of the PMWA.

57.     At all relevant times, KDP employed Verdin and the Pennsylvania Class Members as "employees" within the meaning of the PMWA.

58.     The PMWA requires employers, like KDP to pay employees at 1.5 times their regular rate of pay for hours worked in excess of 40 in any week.

59.     Verdin and the Pennsylvania Class Members are entitled to overtime under the PMWA.

60.     KDP has, and has had, a uniform policy and practice of misclassifying Verdin and the Pennsylvania Class Members as exempt employees and failing to pay them overtime for hours worked in excess of 40 in a workweek.

61.     Accordingly, Verdin and the Pennsylvania Class Members seek unpaid overtime in amount equal to 1.5 times their regular rates of pay for work performed in excess of 40 in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

62.     Verdin and the Pennsylvania Class Members also seek recovery of attorney's fees, costs, and expenses of this action, to be paid by KDP, as provided by the PMWA.

### SECOND CAUSE OF ACTION
### FAILURE TO PAY WAGES UNDER CALIFORNIA LAW
### (CALIFORNIA CLASS ONLY)

63.     Verdin realleges and incorporates all preceding allegations.

64.     Verdin brings his claim under California Law as a Rule 23 class action.

65.     At all relevant times, KDP was subject to the requirements of the California Labor Code and applicable IWC Wage Orders.

66.     At all relevant times, KDP employed Verdin and the California Class Members as "employees" within the meaning of the California Labor Code and applicable IWC Wage Orders.

67.     The California Labor Code requires that all employees, including Verdin and the California Class Members, receive time and one-half overtime premium compensation for hours worked over 8 in one day. CAL. LAB. CODE § 510; IWC Wage Orders 1-2001 through 17-2001.

68.     Despite regularly working 12+ hours a day as part of their normal and regular shift, Verdin and the California Class Members did not receive any overtime compensation for all hours worked over 8 in one day.

69.     The California Labor Code also requires that all employees, including Verdin and the California Class Members, receive two times the overtime premium compensation for hours worked over 12 in one day. CAL. LAB. CODE § 510; IWC Wage Orders 1-2001 through 17-2001.

70.     Despite often working over 12 hours a day, Verdin and the California Class Members did not receive any overtime compensation for all hours worked over 12 in one day.

71.     The California Labor Code requires that all employees, including Verdin and the California Class Members, receive two times the overtime premium compensation for hours worked over 8 in one day, in the seventh day of a workweek. CAL. LAB. CODE §§ 510, 551-552; IWC Wage Orders 1-2001 through 17-2001.

72.     Despite occasionally working 7 days a week, up to 12 hours a day, Verdin and the California Class Members did not receive any overtime compensation for all hours worked over 8 on the seventh day.

73.     This pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful and entitles Verdin and the California Class Members to recover back

wages in an amount equal to their unpaid overtime, liquidated damages, interest, attorneys' fees, and costs pursuant to CAL. LAB. CODE § 1194.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF RECORD KEEPING REQUIREMENTS
### (CALIFORNIA CLASS ONLY)

74.     Verdin realleges and incorporates all preceding allegations.

75.     Verdin brings his claim under California Law as a Rule 23 class action.

76.     At all relevant times, KDP was subject to the requirements of the California Labor Code and applicable IWC Wage Orders.

77.     At all relevant times, KDP employed Verdin and the California Class Members as "employees" within the meaning of the California Labor Code and applicable IWC Wage Orders.

78.     California Labor Code § 226 requires KDP to keep accurate records regarding the rates of pay for their California employees and provide this information to Verdin and the California Class Members with their wage payment.

79.     Because KDP misclassified Verdin and the California Class Members as exempt employees, KDP did not maintain accurate records of Verdin and the California Class Members' daily hours, gross wages earned, net wages earned, and the applicable hourly rates, and did not provide that information to Verdin and the California Class Members.

80.     This pattern, practice, and uniform administration of corporate policy as described herein is unlawful and entitles Verdin and the California Class Members to recover all damages and penalties available by law, including interest, penalties, attorneys' fees, and costs. CAL. LAB. CODE § 226(e).

### FOURTH CAUSE OF ACTION
### WAITING TIME PENALTIES
### (CALIFORNIA CLASS ONLY)

81.     Verdin realleges and incorporates all preceding allegations.

82.     Verdin brings his claim under California Law as a Rule 23 class action.

83.     At all relevant times, KDP was subject to the requirements of the California Labor Code and applicable IWC Wage Orders.

84.     At all relevant times, KDP employed Verdin and the California Class Members as "employees" within the meaning of the California Labor Code and applicable IWC Wage Orders.

85.     At all relevant times, KDP was required to pay Verdin and the California Class Members all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 and 204.

86.     As a result of KDP's alleged California Labor Code violations, KDP regularly failed to pay Verdin and the California Class Members their final wages pursuant to California Labor Code §§ 201 and 204, and accordingly KDP owes waiting time penalties pursuant to California Labor Code § 203.

87.     The conduct of KDP, in violation of Verdin and the Putative Class Members' rights, was willful and undertaken by the agents, employees, and managers of KDP.

88.     KDP's willful failure to provide Verdin and the California Class Members the wages due and owing to them upon separation from employment results in a continuation of wages up to 30 days from the time wages were due.

89.     Therefore, Verdin and the California Class Members who have separate from employment with KDP are entitled to compensation pursuant to CAL. LAB. CODE § 203.

### FIFTH CAUSE OF ACTION
### VIOLATION OF UNFAIR COMPETITION LAW
### (CALIFORNIA CLASS ONLY)

90.     Verdin realleges and incorporates all preceding allegations.

91.     Verdin brings his claim under California Law as a Rule 23 class action.

92.     KDP has engaged, and continues to engage, in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices described in this Complaint by knowingly (1) denying employees overtime wages required by California law; (2) misclassifying

employees as exempt from overtime in violation of California law; (3) failing to provide employees accurate wage statements as required by California law; and (4) failing to pay employees all compensation due upon termination as required by California law.

93. As a result of KDP's failure to comply with California law, KDP has also violated the California Unfair Competition law ("UCL"), CAL. BUS. & PROP. CODE § 17200, *et seq.*, which prohibits unfair competition by prohibiting any unlawful or unfair business actions or practices.

94. The relevant acts by KDP occurred within the 4 years preceding the filing of this action.

95. On information and belief, KDP has engaged in unlawful, deceptive, and unfair business practices, pursuant to CAL. BUS. & PROP. CODE § 17200, *et seq.*, including those set forth in this Complaint, depriving Verdin and the California Class Members of minimum working condition standard and conditions under California law and the IWC Wage Orders.

96. Verdin and the California Class Members are entitled to restitution for at least the following: restitution for unpaid overtime wages and unpaid California Labor Code § 203 continuation wages.

97. Verdin and the California Class Members are also entitled to permanent injunctive and declaratory relief prohibiting KDP from engaging in the violations and other misconduct described in this Complaint.

98. KDP is also liable for fees and costs pursuant to California Code of Civil Procedure § 1021.5 and other applicable law.

## JURY DEMAND

99. Verdin demands a trial by jury.

### RELIEF SOUGHT

WHEREFORE, Verdin prays for the following relief:

    a.   An Order designating the Pennsylvania Class as class action pursuant to FED. R. CIV. P. 23;

    b.   An Order designating the California Class as class action pursuant to FED. R. CIV. P. 23;

    c.   An Order appointing Verdin and his counsel as Class Counsel to represent the interests of the Pennsylvania and California Classes;

    d.   Judgement awarding Verdin and the Putative Class Members all unpaid overtime and other damages available under the PMWA and California law;

    e.   An Order awarding attorney's fees, costs and pre- and post-judgment interest at the highest available rates; and

    f.   An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Philip J. Gordon*

**Philip J. Gordon**
Mass. BBO# 630989
**GORDON LAW GROUP, LLP**
585 Boylston St.
Boston, MA 02116
617-536-1800 – Telephone
617-536-1802 – Facsimile
pgordon@gordonllp.com

**Michael A. Josephson\***
TX Bar No. 24014780
**Andrew W. Dunlap\***
TX Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**Richard J. (Rex) Burch\***
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
*\*Pro hac vice applications forthcoming*

**ATTORNEYS FOR PLAINTIFF
& PUTATIVE CLASS MEMBERS**